**SO ORDERED.**

**SIGNED this 03 day of September, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

KIMBERLY LAVONE BELL,                    CASE NUMBER: 09-10941-8-JRL
                                         CHAPTER 13
    DEBTOR.
_____

**ORDER**

This matter came before the court on the debtor's motion for reconsideration of the court's order dated June 7, 2010. A hearing was held on August 25, 2010, in Wilmington, North Carolina.

A motion to reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 9023(e). The bankruptcy court will deny a motion to reconsider unless the movant can make a showing of one of the enumerated grounds for relief. The enumerated grounds for relief are: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. In re Mitrano, 409 B.R. 812, 819 (E.D.Va., 2009); see also In re Morris, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)). Reconsideration of

a judgment is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999). A motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard. Id.

In this case, the debtor relies heavily on Deutsche Bank's ("Bank") failure to timely submit the memorandum of law requested by the court. A memorandum of law is intended to provide analysis and information to the court; however, the court is in no way bound to follow the recommendations provided by such a memorandum nor is such a memorandum considered new evidence. The Bank's failure to comply with the court's order did not relieve the court of its duty to rule on the facts and law as they existed at the time of hearing. In this instance, the court conducted its own research on the state court findings underlying this adversary proceeding and adheres to the order entered on June 7, 2010. The requisite showing for a motion to reconsider has not been met by the debtor.

The motion for reconsideration is **DENIED**.

**END OF DOCUMENT**