**SO ORDERED.**

**SIGNED this 29 day of September, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

KIMBERLY LAVONE BELL,              CASE NUMBER: 09-10941-8-JRL
                                                      CHAPTER 13
    DEBTOR.

_____

## ORDER DENYING STAY PENDING APPEAL

This matter came before the court on the debtor's motion for a stay pending appeal. The court reviewed the matter sua sponte without a hearing.

### BACKGROUND

On June 7, 2010, this court entered an order granting Deutsche National Trust Company's ("Deutsche") motion for relief from the automatic stay. After reviewing a memorandum filed by Deutsche and conducting its own research of supporting documents, the court concluded that Deutsche was the owner of the debtor's former residence having been the high bidder at a foreclosure sale. After expiration of the upset bid period, the substitute trustee's deed of trust was recorded on September 14, 2009. The debtor filed an appeal of the foreclosure on October 16, 2009. The North Carolina Court of Appeals entered an order temporarily staying the foreclosure on October 30, 2009; however, the appellate court later dissolved the temporary

stay on December 4, 2009. The debtor filed for relief under chapter 13 of the Bankruptcy Code on December 16, 2009. Therefore, on the petition date the property was not part of the bankruptcy estate. The debtor filed a motion for reconsideration of the June 7, 2010, order.

On September 3, 2010, this court entered an order denying the debtor's motion for reconsideration. In seeking the court's reconsideration, the debtor relied heavily on Deutsche's failure to timely submit the memorandum of law requested by the court. The court was not precluded from ruling because of the lateness of the memorandum. Instead, the court was under a duty to rule on the facts and law as they existed at the time of the hearing on the motion for relief from the automatic stay, and the untimeliness of the memorandum did not alter the court's substantive legal conclusions. Therefore, the court adhered to its previous order. Following the order denying reconsideration, on September 17, 2010, the debtor filed a notice of appeal.

## DISCUSSION

Bankruptcy Rule 8005 governs the issuance of a stay pending appeal. The standard for determining if the issuance of a stay pending appeal is appropriate is similar to those factors considered under a preliminary injunction. In re Convenience USA, Inc., 290 B.R. 558, 561 (Bankr. M.D.N.C. 2003); In re Dobslaw, 20 B.R. 922, 924 (Bankr. E.D. Pa. 1982), judgment *aff'd*, 712 F.2d 864 (3d Cir. 1983). In the Fourth Circuit, the standard for granting a stay pending appeal is known as the hardship balancing test. Convenience, 290 B.R. 558 at 562 (citing, Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 811 (4th Cir. 1991)). The hardship balancing test begins by balancing the harm or injury to the plaintiff should relief be denied. Id. Under this test, the party seeking the stay must show: (1) that it will suffer irreparable injury if the stay is denied, (2) that other parties will not be substantially harmed by

the stay, (3) that it will likely prevail on the merits of the appeal, and, (4) that the public interest will be served by the granting of the stay. Convenience, 290 B.R. 558 at 562 (citing, In re Wilson, 233 B.R. 915, 917 (M.D.N.C. 1998)). This court cannot find that the debtor has met her burden.

Pursuant to North Carolina law, upon the expiration of the statutory upset bid period the rights of the parties became fixed and the debtor lost her interest in the property. N.C.G.S. § 45-21.29A. The debtor cannot be harmed by the court's denial of a stay when she is not the lawful owner of the property. Deutsche, the present owner of the property, is subject to harm if it is not allowed to proceed with all remedies available to it under state law to secure possession of the residence. Moreover, it is unlikely the debtor could prevail on appeal. To succeed in showing the likelihood of success on appeal, the debtor must show that the likelihood is a probability, not a mere possibility. Convenience, 290 B.R. 558 at 567. The Bankruptcy Code defines property of the estate as, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a). When the debtor's chapter 13 case was filed she held no interest in the property. Therefore, the property was not property of the estate. Determination of whether property is classified as property of the estate is clearcut on these facts. Thus, it is not probable that the debtor will be able to establish otherwise. Lastly, it does not serve the interest of the public by imposing a stay which will only further delay and harm Deutsche from exercising its rights.

Based on the foregoing, the motion for stay pending appeal is **DENIED**. Deutsche is free to exercise its rights in the property according to state law.

**END OF DOCUMENT**